**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

OLAWOYIN PETER OLAREWAJU,

                Petitioner,

   v.

CRAIG A. LOWE, et al.,

          Respondents.

CIVIL ACTION NO. 3:26-CV-00631

(MEHALCHICK, J.)

**MEMORANDUM**

Before the Court is Petitioner Olawoyin Peter Olarewaju's ("Olarewaju") petition for writ of habeas corpus. (Doc. 1). Following a bond hearing before the Court on April 23, 2026, the Court will grant the petition.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

The following background is derived from Olarewaju's petition, the government's response, and the exhibits thereto. (Doc. 1; Doc. 4). Olarewaju is a citizen of Nigeria, who entered the United States in 2016 on a B-2 visitor visa. (Doc. 1, at 2). On May 23, 2023, Olarewaju plead guilty to conspiracy to commit bank fraud in the Southern District of New York. (Doc. 1, at 2). On March 3, 2025, following Olarewaju's sentence in federal custody, ICE arrested Olarewaju pursuant to 8 U.S.C. § 1226(c) and transferred him to custody at the Pike County Correctional Facility, where he remains detained. (Doc. 1, at 2). On May 21, 2025, an immigration judge ordered Olarewaju's removal. (Doc. 4, at 4). The Board of Immigration Appeals ("BIA") dismissed Olarewaju's appeal of the immigration judge's decision on March 19, 2026. (Doc. 4, at 5). Since filing the instant petition, Olarewaju filed a petition for review of the immigration judge's order and the BIA's dismissal with the Third Circuit Court of Appeals. (Doc. 6, at 2).

On March 13, 2026, Olarewaju filed the instant petition, requesting that the Court order his release from custody at the Pike County Correctional Facility in Lords Valley, Pennsylvania or that Respondent Craig A. Lowe ("Lowe") provide a bond hearing pursuant to *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203 (3d Cir. 2020). (Doc. 1, at 3). The government filed a timely response to Olarewaju's petition on March 23, 2026 (Doc. 4), and on March 30, 2026, Olarewaju filed a traverse. On April 17, 2026, the Court ordered a bond hearing to be held before the undersigned, which took place on Thursday April 23, 2026. (Doc. 7).

## II.    LEGAL STANDARD

Lowe detained Olarewaju in immigration custody pursuant to 8 U.S.C. § 1226(c). (Doc. 1). The Due Process Clause requires a hearing "when detention becomes unreasonable" and, at the hearing, "the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." *Diop v. ICE/Homeland Security*, 656 F.3d 221, 233 (3d Cir. 2011). The government must prove that continued detention is necessary by clear and convincing evidence. *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 213 (3d Cir. 2020).

A court cannot rely on "mechanistic factors" common to all Section 1226(c) detainees. Instead, a court must find evidence specific to the individual that demonstrates either danger to the community or flight risk. *Santos v. Lowe*, No. 18-cv-1553, 2020 WL 4530728, at *3 (M.D. Pa. Aug. 6, 2020); *Chiguano v. Lowe*, No. 1:24-cv-02210, 2025 WL 3280946, at *2 (M.D. Pa. Nov. 25, 2025). The court must look at "an individualized analysis of the alien's eligibility for parole, present danger to society and willingness to comply with the removal order." *Chi Thon Ngo v. I.N.S.*, 192 F.3d 390, 399 (3d Cir. 1999). Thus, a court must carefully

weigh evidence from a petitioner that tends to show "reform, rehabilitation, good character, education, employment history and prospects, familial ties to United States citizens, potential for relief from removal, and any other evidence that contravenes danger to the community or risk of flight must be considered, as such evidence is highly relevant to ascertaining the detainee's current risk level." *Guerrero Sanchez v. Sabol*, No. 15-cv-2423, 2016 WL 7426129, at *5 (M.D. Pa. Dec. 23, 2016); *Chiguano v. Lowe*, No. 1:24-cv-02210, 2025 WL 3280946, at *2 (M.D. Pa. Nov. 25, 2025). "[W]hen assessing danger to the community, the extensiveness, recency, and severity of a detainee's past criminal activity must be considered." *Guerrero Sanchez*, 2016 WL 7426129, at *5.* "[W]hen assessing risk of flight, common-sense considerations include whether the imposition of conditions of release could mitigate flight risk, and whether the detainee has strong family ties to the United States." *Guerrero Sanchez*, 2016 WL 7426129, at *5. The determination of flight risk or danger must not be focused solely on past conduct and should be "made on a current basis." *Guerrero Sanchez*, 2016 WL 7426129, at *5; *Chiguano v. Lowe*, No. 1:24-cv-02210, 2025 WL 3280946, at *2 (M.D. Pa. Nov. 25, 2025).

## III.    DISCUSSION

The Government avers that Olarewaju's continued detention is justified for the purpose of preventing danger to the community and preventing flight. The Government contends that, given the nature and circumstance of Olarewaju's previous criminal conduct, conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349[1], Olarewaju could pose a risk to the community, although the Government also acknowledges that this is a crime of deceit and fraud and not a crime of violence. The Government also avers that the denial of

---

[1] On December 27, 2021, Olarewaju pled guilty to this offense. (Doc. 12-3).

relief and affirmance of Olarewaju's removal order by the Board of Immigration Appeals, now on appeal with the Third Circuit, provides an incentive for Olarewaju to abscond, making him a risk of flight, and that his family ties in the United States provide even more incentive to not cooperate with a removal order.

Olarewaju contends that the Government fails to meet their burden of showing by clear and convincing evidence that continued detention is necessary to fulfill the purposes of the detention statute. Olarewaju provides that he is not a flight risk because he has a fixed address with a current and renewable lease, extensive community ties and family support, a history of attending court proceedings for both his criminal and immigration matters, a job lined up, a capable and willing third-party custodian, and even a path to adjustment of immigration status with eligibility for a humanitarian visa. Olarewaju also submits that he is not a danger to the community because, while acknowledging the seriousness of his previous conduct, his conviction is five years old and he has served his sentence, which was reduced for good behavior, and he continues to pay restitution. Olarewaju avers that he will be in a better position to pay the remaining restitution if he is released from custody because he will be able to earn a paycheck at the job he has lined up.

The Third Circuit has cautioned that "[d]ue process is not satisfied, . . . , by rubberstamp denials based on temporally distant offenses. The process due even to excludable aliens requires an opportunity for an evaluation of the individual's current threat to the community and his risk of flight." *Chi Thon Ngo*, 192 F. 3d at 398; *Chiguano v. Lowe*, No. 1:24-cv-02210, 2025 WL 3280946, at *3 (M.D. Pa. Nov. 25, 2025). "To presume dangerousness to the community and risk of flight based solely on his past record does not satisfy due process." *Chi Thon Ngo*, 192 F. 3d at 398–99. Accordingly, reliance on Olarewaju's past

conviction of conspiracy to commit bank fraud, which is not recent and does not involve any violent activity, falls short of the due process owed to Olarewaju. *See Luciano-Jimenez v. Doll*, 547 F. Supp. 3d 462, 466 (M.D. Pa. 2021) ("Criminal activity occurring over four years ago cannot be the sole reason for a conclusion that petitioner is a current danger to the community."); *see Guerrero Sanchez*, 2016 WL 7426129 at *8 (finding that one prior conspiracy conviction was insufficient to prove threat to the community). Olarewaju has no past record of flight, and Olarewaju's community ties mitigate risk of flight, especially with his United States citizen brother and proposed third-party custodian indicating that he is willing and able to ensure Olarewaju complies with the conditions of his release. *See Leslie v. Holder*, 856 F. Supp. 2d 627, 640-41 (M.D. Pa. 2012) (citing *United States v. Himler*, 797 F.2d 156, 162 (3d Cir. 1986); *United States v. Carbone*, 793 F.2d 559, 561 (3d Cir. 1986) (finding that petitioner's strong family ties mitigate the risk of flight). The Court is able to fashion conditions of release are sufficient to ensure the safety of the community and the absence of flight.

## IV.    CONCLUSION

For the reasons stated herein, the Court finds that the Government has not met its burden, and the Court will grant Olarewaju's petition for writ of habeas corpus.

An appropriate Order follows.

BY THE COURT:

Dated: April 24, 2026

*/s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**